IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| THOMAS G. HENSLEY and PAMELA L. HENSLEY, as natural parents and wrongful death beneficiaries of Coty Lee Hensley, deceased, and THE ESTATE OF COTY LEE HENSLEY, Deceased, by PAMELA L. HENSLEY, Administratix, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 13-2436-STA-cgc |
| vs. | ) ) | |
| METHODIST HEALTHCARE HOSPITALS, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER ON MOTIONS IN LIMINE

This action is a healthcare liability suit brought by Thomas and Pamela Hensley, parents of the decedent Coty Lee Hensley ("Plaintiffs"). Plaintiffs' claims arise from the decedent's medical treatment at Le Bonheur Children's Hospital on June 28 and 29, 2012. In preparation for trial, the parties have filed several motions in limine.[1] The parties have fully briefed the Court. For the reasons set forth below, the motions are **PARTIALLY GRANTED** and **PARTIALLY DENIED**.

---

[1] The trial is set for August 31, 2015.

Although neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence expressly provide for the exclusion of evidence before trial, "[i]n general, federal district courts have the power to exclude evidence in limine pursuant to their inherent authority to manage trials."[2] Motions in limine allow the court to rule on evidentiary issues prior to trial in order to avoid delay.[3] A court will usually not grant a motion in limine unless the movant shows that the evidence in question is clearly inadmissible.[4]

In *Sperberg v. Goodyear Tire & Rubber Co.*, the Sixth Circuit warned against "orders in limine that exclude broad categories of evidence" and advised that the "better practice is to deal with questions of admissibility of evidence as they arise."[5] Deferring admissibility decisions until trial is the better practice because "there are countervailing considerations, especially with respect to . . . rulings under Rule 403 which [if] made pre-trial [would be] without the benefit of the flavor of the record developed at trial."[6] A motion in limine seeks "essentially an advisory opinion" as to evidentiary questions since the court may "change its ruling, for whatever reason,

---

[2] *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).

[3] *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir.1999); s*ee also Corporate Commc'n Services of Dayton, LLC v. MCI Communications Services, Inc.*, 2010 WL 1445169, at * 1 (S.D. Ohio Apr.12, 2010) ("The purpose of a motion in limine is to permit the Court to decide evidentiary issues in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial.").

[4] *See Indiana Ins. Co. v. General Electric Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004).

[5] 519 F.2d 708, 712 (6th Cir.), *cert. denied*, 423 U.S. 987 (1975).

[6] *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3rd Cir. 1983), *rev'd sub nom. on other grounds*, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *see also Hunter v. Blair*, 120 F.R.D. 667, 667 (S.D. Ohio 1987) ("[o]nly after the evidence is actually offered can this Court balance any prejudicial effect or probative value in determining the admissibility of that evidence").

when the evidence is actually offered and objected to at trial."[7] The Court may decline to make pretrial rulings because they "are merely requests for the Court's guidance."[8] In limine rulings are always provisional in nature.[9]

## Defendant Dr. Mark Bugnitz's Motions in Limine

*Motion in Limine No. 1 (ECF No. 270)*

Dr. Bugnitz seeks to exclude hypothetical questions propounded to experts regarding the standard of care that include knowledge of the outcome in this case. Dr. Bugnitz relies on Fed. R. Evid. 401, 402, and 403 in support of his argument that asking the experts "any questions premised on the outcome is irrelevant, inaccurate, unfair, misleading, confusing to the jury and unduly prejudicial" because "[t]he practice of medicine is not retrospective."[10] The motion further seeks to exclude questions about what the standard of care requires in 2015, rather than in 2012, when the alleged negligence occurred.

As noted by Plaintiffs in their response, Dr. Bugnitz seeks to obtain a ruling concerning the admissibility of testimony without pointing to the specific evidence or the specific questions being objected to. Without the context of trial, the Court is unable to determine whether the evidence in question should be excluded. Instead of making an advance ruling, the Court will entertain evidentiary objections to the hypothetical questions during the trial. Therefore, this

---

[7] *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983).

[8] *Hunter*, 120 F.R.D. at 667.

[9] *Ohler v. United States*, 529 U.S. 753, 758, n. 3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change [his] mind during the course of a trial.").

[10] Def's M. in Limine No. 1, at p. 1, ECF 270.

portion of Dr. Bugnitz's motion is limine is **DENIED**. The portion of the motion seeking a ruling that the standard of care in 2012 is the relevant time period for the hypotheticals is **GRANTED**.

*Motion in Limine No. 2 (ECF No. 271)*

Dr. Bugnitz seeks an order prohibiting Plaintiffs' counsel and expert witnesses from offering a "Captain of the Ship" opinion at trial on the ground that the Captain of the Ship doctrine is no longer recognized in Tennessee.[11] Dr. Bugnitz points to the deposition testimony of Plaintiffs' expert witness, Santa Johnson, M.D., who referenced this theory (Dr. Bugnitz is "in charge of the ICU. . . He runs everything that happens in that ICU whether he's there or not."). Dr. Johnston answered in the affirmative when defense counsel asked if Dr. Bugnitz was the "Captain of the Ship."[12]

Plaintiffs have responded that they do not intend to use the phrase "Captain of the Ship" at trial. However, they do intend to argue that Dr. Bugnitz was responsible for the decision as to what diagnostic tests should be run on the decedent.

Because this case is before the Court based on diversity of citizenship jurisdiction, the substantive law of Tennessee applies.[13] Therefore, the motion in limine is **GRANTED** to the extent that Plaintiffs cannot use a "Captain of the Ship" theory or that particular phrase at trial.

---

[11] *See Parker v. Vanderbilt University*, 767 S.W.2d 412 (Tenn. App.1988) ("We are of the opinion that the use of the term 'Captain of the Ship' with respect to the liability of a surgeon for the negligent acts of others in or around the operating room is unnecessarily confusing and should be avoided. We think the surgeon's liability for the acts of others should rest on the more familiar concepts of master and servant; '[o]perating surgeons and hospitals are subject to the principles of agency law which apply to others.' *Sparger v. Worley Hospital, Inc.*, 547 S.W.2d 582, 585 (Tex.1977).").

[12] Dep. of Santa Johnson, M.D., pp. 133, ln. 22 through pp. 134, ln.11.

[13] *See Armisted v. State Farm Mut. Auto. Ins. Co.,* 675 F.3d 989, 995 (6th Cir. 2012).

4

However, Plaintiffs may argue that Dr. Bugnitz's actual decisions caused the decedent's death, which is the crux of the claims against him.

Defendants' Joint Motions in Limine

*Motion in Limine No. 1 (ECF No. 273)*

Defendants seek an order limiting testimony of Plaintiffs' experts to deviations from the recognized standard of acceptable professional practice that caused an injury that would not have otherwise occurred. They contend that no testimony should be permitted by experts as to any alleged deviation from the recognized standard of acceptable professional practice that did not cause any injury to the decedent pursuant to Tenn. Code Ann. § 29-26-115.[14]

While Defendants' statement of Tennessee state law is correct, they have pointed to no specific evidence that should be excluded. Instead, they appear to merely be seeking an order instructing Plaintiffs' counsel to follow the Federal Rules of Evidence and state law. Any

---

[14] Tennessee Code Annotated section § 29–26–115(a), provides:

> (a) In a health care liability action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

Tenn. Code Ann. § 29–26–115(a)(1)–(3).

specific objections that Defendants have to questions asked of Plaintiffs' experts or the resulting testimony are better suited for trial. Accordingly, this motion is **DENIED** for lack of specificity.

*Motions in Limine No. 2 (ECF Nos. 274 and 292)*[15]

Defendants have moved for an order prohibiting Plaintiffs from soliciting testimony or making comments referencing insurance or the State Volunteer Mutual Insurance Company, pursuant to Rule 411 of the Federal Rules of Evidence. Rule 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully," but "the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control."

Defendants also rely on Fed. R. Evid. 402 and 403 for their argument that evidence of insurance would be highly prejudicial and would suggest an improper basis for a decision. Rule 402 prohibits the admission of evidence that is not relevant, while Rule 403 permits the exclusion of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence

Plaintiffs assert that they do not intend to use evidence of liability insurance to demonstrate that Defendants acted negligently or wrongfully but contend that they may offer it for another purpose, i.e., to show bias or prejudice. According to Plaintiffs, Defendants and their experts have a financial interest in the outcome of the case because evidence will purportedly show that physicians insured by State Volunteer Mutual Insurance Company share in the profits accrued from not paying medical malpractice claims. They reason that, since such evidence

---

[15] Defendants filed their Joint Motion In Limine No. 2 at both ECF No. 274 and No. 292. The motions appear to be duplicative.

would go to the bias or prejudice of the witness and not to the issue of negligence, it is admissible.

Rule 411 is clear that insurance should not be admitted to suggest liability, and the Sixth Circuit has held that improperly introducing evidence of liability insurance may be prejudicial error and grounds for a mistrial.[16] Consequently, Defendants' motion is **GRANTED** to prohibit the evidence of liability insurance. If at trial Plaintiffs seek to offer evidence of liability insurance under any of the exceptions listed in Rule 411, they must first request an out of jury hearing on that evidence.

*Motion in Limine No. 3 (ECF No. 275)*

Defendants seek an order disallowing testimony of any lay witnesses regarding the alleged negligence of Defendants or injuries or extent of injuries sustained by the decedent. In support of their motion, they point to Tenn. Code Ann. § 29-26-115, which requires expert testimony to prove that a physician deviated from the recognized standard of care and that, as a result, the plaintiff (in this case, the decedent) suffered harm.

Defendants' motion is vague and does not point to any specific testimony to be excluded. While each of the elements of a healthcare liability claim must be established by expert testimony, factual testimony from a lay witness is admissible for other reasons as provided in the Federal Rules of Evidence. For example, lay witnesses may testify to their own observations concerning the conduct of Defendants and the treatment given to the decedent. Accordingly, this motion is **DENIED**.

*Motion in Limine No. 4 (ECF No. 276)*

---

[16] *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 758 (6th Cir.1980).

7

Defendants seek to prohibit Plaintiffs from offering testimony at trial as to the grief and anguish they suffered following the decedent's death. Defendants point out that, for a filial loss of consortium claim, "[r]ecovery is limited to pecuniary losses which are to be reduced by the amount of child-rearing expenses projected to have been incurred by the parents. Recovery may not be had for the grief and anguish suffered by the parents as such loss is not monetary in nature."[17]

Once again, Defendants' motion is vague and non-specific. Although Plaintiffs may not present any evidence that is solely related to their anguish and grief, it is possible that some such evidence may be relevant to their claim for loss of consortium. The court will address objections as they are made at trial and not at this juncture. The motion is **DENIED**.

*Motion in Limine No. 5 (ECF No. 277)*

Defendants seek to prohibit testimony or argument about any expert or physician witness's personal practices or what he or she would have done or would recommend in a particular situation. According to Defendants, this would violate the requirements of Tenn. Code Ann. § 29-26-115 as to the recognized standard of care. Again, Defendants fail to set forth any specific testimony to which they object. Defendants' objections are best made within the context of trial, and the motion is **DENIED**.

*Motion in Limine No. 6 (ECF No. 278)*

Defendants seek an order requiring all counsel to advise the Court and other parties of the order and presentation of proof in advance. This motion does not require an evidentiary ruling. These matters have been discussed at the pretrial conference, and the motion is **DENIED** as unnecessary.

---

[17] *Thurmon v. Sellers*, 62 S.W.3d 145, 161 (Tenn. Ct. App. 2001).

*Motion in Limine No. 7 (ECF No. 279)*

Defendants seek to prohibit any reference or inference by Plaintiffs' counsel to the effect that a decision in favor of Plaintiffs would have no adverse effect on Defendants. Defendants perceive any such reference as being an improper suggestion that Defendants have liability insurance to cover any financial loss. Plaintiffs agree that such a reference should not be made unless Defendants open the door with testimony or argument as to the reputation of Defendants or the emotional effect of an adverse verdict such as guilt over the death of a child.

Defendants' motion is **GRANTED**. Plaintiffs are prohibited from introducing any evidence or making any argument or inference that Defendants will not suffer a financial loss if the jury finds in favor of Plaintiffs. Any objections as to evidence or argument offered by Defendants as to their reputation or guilt should be made at trial by Plaintiffs.

*Motion in Limine No. 8 (ECF No. 280)*

Defendants seek an order excluding testimony about loss of consortium damages, including loss of attention, guidance, care, protection, training, companionship, cooperation, affection, or love, suffered by non-party family members of the decedent. Tennessee courts have not recognized loss of consortium claims for siblings or other family members that are not parents, children, or spouse of the deceased.[18] Furthermore, Plaintiffs have not asked for loss of consortium damages for any other family members. Consequently, the motion is **GRANTED**.

*Motion in Limine No. 9 (ECF No. 281)*

Defendants seek an order prohibiting Plaintiffs from offering testimony concerning violations of guidelines or safety rules or any other "scare tactics" in order to establish the standard of care. Defendants reference the "Reptile Theory," which appears to be in use by the

---

[18] *See Thurmon,* 62 S.W.3d at 161.

plaintiffs' bar in some states as a way of showing the jury that the defendant's conduct represents a danger to the survival of the jurors and their families. The Reptile Theory encourages plaintiffs to appeal to the passion, prejudice, and sentiment of the jury.

Defendants have again not identified the specific evidence that is sought to be excluded. The Court will be cognizant of appeals to the jurors' prejudice, and any attempt by either party to appeal to the prejudice or sympathy of the jury will not be condoned. The motion is **DENIED**.

*Motion in Limine No. 10 (ECF No. 282)*

Defendants seek an order prohibiting Plaintiffs from testifying regarding any marital difficulties that Thomas Hensley and Pamela Hensley have experienced since the death of their child. Plaintiffs have responded that they are not seeking compensation for marital problems, nor do they intend to offer evidence on this issue. Consequently, the motion is **GRANTED**.

*Motion in Limine No. 11 (ECF No. 284)*

Defendants seek an order prohibiting Plaintiffs from mentioning whether Defendants or their expert witnesses have been named as parties to other healthcare liability suits. Plaintiffs do not oppose the motion and ask that any such evidence against their own experts also be excluded. The motion is **GRANTED**. Evidence of other lawsuits against Defendants and experts for either party will be excluded.

*Motion in Limine No. 12 (ECF No. 285)*

Defendants seek an order prohibiting Plaintiffs from introducing evidence of the decedent's medical expenses on the ground that Plaintiffs have not designated an expert to testify regarding these medical expenses. Plaintiffs have responded that they are not seeking payment of medical bills and expenses incurred at Le Bonheur Children's Hospital as part of their damages.

The motion is **GRANTED**. Plaintiffs will not be allowed to introduce evidence of medical bills to prove damages. However, evidence of the medical bills and expenses may be used to show treatment that was rendered to the decedent.

*Motion in Limine No. 13 (ECF No. 286)*

Defendants seek an order prohibiting Plaintiffs from disclosing a dollar amount demand to the jury or jury venire and to preclude improper references during opening statements and closing arguments regarding the valuation of this case. Defendants acknowledge that this Court previously determined that these arguments would be permissible during closing summation in *Calaway ex rel Calaway v. Schucker*.[19] Plaintiffs respond that they do not intend to ask for a sum certain or a per diem amount in damages during voir dire or during the proof.

Defendants' motion is **GRANTED** for voir dire, the opening statement, and the proof. The motion is **DENIED** as being premature for closing arguments. Defendants may renew their objection prior to closing arguments.

*Motion in Limine No. 14 (ECF No. 287)*

Defendants seek an order prohibiting expert reports from being admitted into evidence and given to the jurors during deliberations. Defendants contend that these reports are hearsay and should not be admitted as exhibits. Until a report is offered into evidence and a basis asserted for it being offered into evidence, this Court cannot issue a ruling. Because any objection will be better dealt with in the context of the trial, the motion is **DENIED**.

*Motion in Limine No. 15 (ECF No. 288)*

Defendants seek an order prohibiting Plaintiffs' pediatric trauma expert Dr. Dennis Vane from offering previously undisclosed opinions or improper support for disclosed opinions.

---

[19] 2013 WL 311441 (W.D. Tenn. Jan. 25, 2013)

Defendants specifically seek to prohibit Dr. Vane from adopting the radiology interpretations of Plaintiffs' excluded pediatric radiology expert, Uwe Otto Peter Josef Schoepf, M.D. Defendants fear that Plaintiffs will attempt to introduce Dr. Schoepf's opinions concerning the decedent's radiology studies through Dr. Vane.

Plaintiffs respond that they have not designated Dr. Vane to testify as to the findings of Dr. Schoepf. Therefore, the motion is **GRANTED**. Dr. Vane may not testify to opinions not in his expert report and may not testify as to Dr. Schoepf's excluded opinions.

### Defendants Methodist & Dr. James Eubanks III's Motion in Limine

*Motion in Limine No. 11 (ECF No. 283)*

Defendants Methodist and Dr. Eubanks seek an order prohibiting Plaintiffs' critical-care expert, Dr. Santa Johnston, from offering standard of care opinions against Dr. Eubanks, a trauma surgeon. Dr. Johnston has not been designated to render opinions against Dr. Eubanks. Therefore, the motion is **GRANTED**. Dr. Johnston may not offer any standard of care opinions against Dr. Eubanks.

### Plaintiffs' Motions in Limine

*Motion in Limine No. 1 (ECF No. 289)*

Plaintiffs seek to exclude the supplemental opinion of toxicology expert Dr. Michael Stevens concerning the presence of a hydrocarbon in the pre-embalming blood sample of the decedent drawn by the Shelby County Medical Examiner's Office and the likely source of this hydrocarbon. In the supplement to Dr. Stevens's opinion concerning blood testing performed by NMS labs, Dr. Stevens notes that there was an unknown substance found by the lab which did not meet the level set by the internal standards of the lab for positive identification and then

concludes that the unknown substance was a hydrocarbon. Plaintiffs complain that Dr. Stevens cannot speculate as to the identity of the unknown substance or its source.

Defendants respond that any uncertainty in the testimony of Dr. Stevens is the result of Plaintiffs' spoliation of the blood evidence and that Dr. Stevens relied on normal, accepted methods in determining the identity and source of the substance.

Dr. Stevens is an expert in the field of toxicology, and Plaintiffs' arguments go to the weight of his testimony, not its admissibility. Therefore, the motion is **DENIED**.[20]

*Motion in Limine No. 2 (ECF No. 290)*

Plaintiffs seek an order preventing Dr. Stevens from interpreting a phone log that references a telephone conversation between Dr. Gruszecki and a representative of NMS Labs. Plaintiffs contend that any interpretation of the phone log by Dr. Stevens is outside his expertise and would be an attempt to comment on and color the evidence through a phone log to which he was not a party. Defendants respond that Dr. Stevens will be asked to comment on his review of the file to the extent that those records are relevant. He will not be asked to comment on Dr. Gruszecki's thought processes or her actions that are not reflected in the record.

Because Dr. Stevens was not a party to the conversations reflected in the phone logs, he will not be allowed to discuss those conversations. The motion is **GRANTED**. However, Defendants will be allowed to cross-examine Dr. Gruszecki about the comments she made during those conversations.

*Motion in Limine No. 3 (ECF No. 291)*

---

[20] Defendants' motion for a limiting instruction as a sanction for Plaintiffs' spoliation of the blood evidence (ECF No. 212) is still pending.

Plaintiffs have moved to exclude a portion of the supplemental opinion of pathology expert Jonathan Eisenstat, M.D. Plaintiffs specifically request that Dr. Eisenstat not be allowed to testify that the amount of PPA in blood would be altered by the embalming process. Dr. Eisenstat's supplemental opinion purports to explain why PPA was detected by NMS Labs in the decedent's pre-embalming blood sample but was not detected by NMS Labs in the decedent's post-embalming blood sample. Plaintiffs contend that there is no scientific basis for this opinion.

Defendants respond that it is a well-known phenomenon that the embalming process dilutes the blood of the decedent and that even Plaintiffs' pathology expert supports this concept. According to Defendants, although another doctor performed a test to determine whether embalming fluid would denigrate PPA, Dr. Eisenstat did not need to conduct any testing to demonstrate the generally accepted process of postmortem drug redistribution. Again, as with the testimony of Dr. Stevens, Plaintiffs' arguments go to the weight of the testimony, not its admissibility, and, therefore, the motion is **DENIED**.

Finally, as previously stated, rulings on motions in limine are provisional in nature. Nothing in this order precludes counsel from making contemporaneous objections to specific testimony or arguments at trial. Evidence presented at trial may be sufficient to cause an issue to be revisited, and the court is "free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."[21]

IT IS SO ORDERED.

                                              **s/ S. Thomas Anderson**
                                              S.THOMAS ANDERSON

---

[21] *Luce*, 469 U.S. at 41–42.

UNITED STATES DISTRICT JUDGE

Date: August 27, 2015.